UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANGELA KEPPERLING, | : | Case No. 3:19-cv-1 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH KEPPERLING, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ENTRY AND ORDER GRANTING DEFENDANT MAGISTRATE DAVID MCNAMEE'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 10)

---

This case is before the Court on the Motion for Judgment on the Pleadings (Doc. 10) filed by Defendant Magistrate David McNamee ("Magistrate McNamee"). Plaintiff Angela Kepperling ("Plaintiff"), who is proceeding *pro se*, did not file a response to the Motion for Judgment on the Pleadings and the time for her to do so has expired. This matter is therefore ripe for review. For the reasons below, the Court **GRANTS** the Motion for Judgment on the Pleadings and **DISMISSES** all claims against Magistrate McNamee.

### I.    BACKGROUND

As alleged in the Complaint, Plaintiff is the maternal grandmother of a minor child whose parents are Defendants Elizabeth Kepperling and Justin Hovan. (Doc. 1 at ¶ 9.) In late 2017, Plaintiff alleges that she filed a motion for grandparent visitation rights against Kepperling and Hovan. (*Id.* at ¶ 18.) On June 6, 2018, a magistrate (not Magistrate McNamee) granted Plaintiff's motion for visitation rights. (*Id.* at ¶ 20.)

Plaintiff alleges that weeks after the magistrate's visitation order, Kepperling filed a motion to terminate Plaintiff's visitation, and in response, Plaintiff filed her own pleading concerning the

minor child's safety. (*Id*. at ¶ 22.) In an alleged July 2018 hearing on both filings before Magistrate McNamee, Plaintiff claims that Magistrate McNamee "ignored [her] plea for the Court to review the matter in light of the danger to the [minor] child." (*Id*.)

Later, on September 5, 2018, Plaintiff alleges that she filed an ex parte pleading for contempt against Kepperling and Hovan for violating the original magistrate's visitation order. (*Id*. at ¶ 24-26.) In another hearing before Magistrate McNamee, Plaintiff alleges that Magistrate McNamee "was dismissive regarding [her] allegations of child endangerment" and that he further "abuse[d] . . . his judicial discretion" when he "re-opened . . . Defendant Elizabeth Kepperling's filing to terminate [her] visitation which was previously denied." (*Id*. at ¶ 27-28.) Plaintiff further claims that Magistrate McNamee "scolded [her] on the record for bringing the police with [her] in attempts to enforce [her] visitation, and ordered [her] not to call the police again, that it was 'scaring" [the minor child] . . . [and] ordered that [she] was only to 'text' Defendant Elizabeth Kepperling." (*Id*. at ¶ 29.) Plaintiff also alleges that Magistrate McNamee was "completely dismissive" of her request for drug testing against Kepperling and Hovan. (*Id*. at ¶ 30.)

After Magistrate McNamee adjourned the September 5, 2018 hearing, Plaintiff alleges that Kepperling continued to refuse her visitation with the minor child. (*Id*. at ¶ 31-34.)

On January 2, 2019, Plaintiff filed the Complaint in this case against multiple Defendants, including Magistrate McNamee, which included a claim under 42 U.S.C. § 1983 predicated on the Due Process Clause of the Fourteenth Amendment, as well as state tort law claims for misrepresentation and intentional infliction of emotional distress. (*Id*. at ¶ 40-55.) On February 28, 2019, Magistrate McNamee filed an Answer (Doc. 9) and the Motion for Judgment on the Pleadings (Doc. 10) now before the Court.

## II. ANALYSIS

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c). Judgment under Rule 12(c) is proper where the moving party clearly establishes that no material issue of fact remains to be resolved and they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45 (1941).

Magistrate McNamee argues that he is entitled to judgment on the pleadings because he has judicial immunity from lawsuits arising out of the performance of his judicial functions. (Doc. 10 at 4, citing, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).) The U.S. Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *see also Pierson*, 386 U.S. at 554-55. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges retain absolute immunity even if they act maliciously or corruptly, so long as the conduct complained of is a judicial act and they have subject matter jurisdiction over the matter. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 649 (6th Cir. 2014), cert. denied, 135 S. Ct. 1561 (2015).

The Ohio Revised Code preserves the absolute immunity available to judges at common law. It states "[t]he political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant to such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code." Ohio Rev. Code 2744.03(A)(7). There is no exception to that immunity for intentional torts. *Hubbard v. Canton City School Brd.*

3

*of Education*, 97 Ohio St.3d 451, 780 N.E.2d 543 (2002); *see also Wilson v. Stark County Dep't of Human Services*, 70 Ohio St.3d 450, 639 N.E.2d 105, 107 (Ohio 1994).

The entirety of Plaintiff's factual allegations against Magistrate McNamee involve the performance of his judicial functions, in his official judicial capacity, as magistrate in a state court custody matter. (Doc. 1.) Plaintiff's conclusory statement that Magistrate McNamee "acted outside the scope of his judicial responsibilities" is an unsupported legal conclusion, which the Court need not and does not accept. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Plaintiff's failure to respond to the Motion for Judgment on the Pleadings leaves no further discussion necessary. Magistrate McNamee's alleged judicial actions and decisions, whether proper or improper, are protected by judicial immunity.

### III. CONCLUSION

For the reasons below, the Court **GRANTS** the Motion for Judgment on the Pleadings and **DISMISSES** all claims against Magistrate McNamee in this case.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 8, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

4