UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA KEPPERLING,

    Plaintiff,

vs.

ELIZABETH KEPPERLING, *et al.*,

    Defendants.

Case No. 3:19-cv-1

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT THIS CASE BE: (1) DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION; AND (2) TERMINATED ON THE COURT'S DOCKET**

---

This civil case previously came before the undersigned for a *sua sponte* review of the Court's subject matter jurisdiction. It appearing that *pro se* Plaintiff fails to state a federal cause of action -- thus depriving this Court of subject matter jurisdiction to proceed -- the undersigned entered a Show Cause Order on May 17, 2019, directing Plaintiff to show cause as to why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff did not respond to the Court's Show Cause Order, and the time for doing so has now expired.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). In fact, Courts must "determine whether [they] have subject-matter jurisdiction over a case before proceeding at all." *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

"The bedrock principle of the federal judicial system is that federal courts are courts of limited jurisdiction." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). Because federal courts are courts of limited jurisdiction, Courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citation omitted). Thus, "[a] plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003).

"Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc.*, 279 F. App'x at 344 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States").

Here, *pro se* Plaintiff purports to assert, *inter alia*, civil rights claims pursuant to 42 U.S.C. § 1983 arising from state court child visitation proceedings concerning her grandchild. Doc. 1. Plaintiff names four Defendants in the complaint: (1) Elizabeth Kepperling, who is the mother of Plaintiff's grandchild; (2) Justin Hovan, who is the father of Plaintiff's grandchild; (3) Phillip Hoover, Esq., an attorney who represented Elizabeth Kepperling and Hovan in the state court visitation proceedings; and (4) Magistrate David McNamee, who presided over the state court visitation proceedings. *See id*. The Court previously granted Defendant McNamee's motion for

judgment on the pleadings (docs. 10, 18), thus leaving only Plaintiff's claims against Defendants Elizabeth Kepperling, Hovan, and Hoover -- none of whom are state actors. *See Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) ("Private attorneys are not considered to be state actors for purposes of § 1983").

"To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)). As aptly noted by Plaintiff in her *pro se* complaint (doc. 1 at PageID 3), "to act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Instead, "[i]t is enough that [a private person] is a willful participant in joint action with the State or its agents" and, thus, "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." *Id*. at 27-28 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)).

As a result, the Supreme Court has concluded that private persons who "corruptly conspire"[2] with a judicial officer to engage in wrongful conduct "under color of state law; and it is of no consequence . . . that the judge [or magistrate] [her or] himself is immune from damages liability." *Id*. at 28-29. However, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id*. at 28; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) ("[A] private party's mere invocation

---

[2] "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). To prevail on such a claim, Plaintiff must sufficiently allege "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id*.

of state legal procedures [does not] constitute[] 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law").

In this case, Plaintiff alleges a conspiracy between non-state actor Defendants Kepperling and Hovan to interfere with Plaintiff's court-ordered visitation with her grandchild. Doc. 1. Plaintiff alleges that Defendants Kepperling and Hovan accomplished this conspiracy by filing a motion to stop Plaintiff's visitation rights and, thereafter, presented lies and misrepresentations to Magistrate McNamee so as to obtain a favorable order from him. *Id.* Unlike the case of *Dennis*, however, Plaintiff does not allege that Magistrate McNamee's judicial acts were corrupt. *Id.* (wherein the court noted the alleged constitutional deprivation at issue was "the product of a corrupt conspiracy involving bribery"). Instead, Plaintiff alleges that Magistrate McNamee was deceived by Defendants Kepperling and Hovan and, thus, not a knowing participant in a corrupt conspiratorial objective to deprive Plaintiff of a constitutional right. Doc. 1 at PageID 8.

Thus, the only facts pleaded against Magistrate McNamee "relate to [his] actions as [a] judicial officer[] that were adverse to Plaintiff" -- allegations insufficient to support a contention that the remaining Defendants acted under color of state law.[3] *Wescott v. Stephens*, No. 18-CV-07407-DMR, 2019 WL 1387715, at *4 (N.D. Cal. Mar. 12, 2019), *report and recommendation adopted*, No. 18-CV-07407-HSG, 2019 WL 1386577 (N.D. Cal. Mar. 27, 2019); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 647 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("[T]here is nothing, such as a specific bribery allegation, that suggests that the defendant judges in the instant case did anything more than, as impartial adjudicators, find [one party's] view of the relevant law and facts

---

[3] "[P]leading requirements governing civil conspiracies are relatively strict" and, therefore, such "claims must be pled with some degree of specificity[.]" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state . . . a [civil conspiracy] claim under § 1983." *Id.*

4

more compelling than [the other party's], even if the judges committed legal error"). Based on the foregoing, the undersigned finds that the Court lacks subject matter jurisdiction to proceed in this matter and, therefore, **RECOMMENDS** that this case be: (1) **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and (2) **TERMINATED** on the Court's docket.

Date: June 14, 2019                       s/ Michael J. Newman
                                                                        Michael J. Newman
                                                                        United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).